UNITED STATES DISTRICT COURT

Northern District of California

JOHN BROSNAN DBA APEX ISP,
    Plaintiff,
    v.

ALKI MORTGAGE, LLC, DYLAN REIDT
    Defendant.
_____/

No. C 07 4339 JL

**DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

This Court has original jurisdiction in this case under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, ("CAN-SPAM Act" or "Act") 15 U.S.C.A. §§7701-07. The parties consented to the Court's jurisdiction pursuant to 28 U.S.C. §636(c). The Court has raised the issue of standing *sua sponte.*

Plaintiff, John Brosnan ("Brosnan"), has failed to satisfy the standing requirement under the Act. For the following reasons, the Court dismisses the case with leave to amend within thirty days.

## FACTUAL BACKGROUND

Brosnan filed a complaint alleging violations of the CAN-SPAM Act. (Docket Number 1.) The defendant is Alki Mortgage, LLC ("Alki"), a single member LLC owned by Dylan Reidt. (Docket Number 12.) Brosnan asserts that he is an Internet Service Provider ("ISP") under the definition in the CAN-SPAM Act and that Alki violated the Act by sending him illegal spam. (Complaint at 1.) Alki denies all claims.

## LEGAL STANDARD

## MOTION TO DISMISS WITH LEAVE TO AMEND

If a court grants a motion to dismiss, it must then decide whether to grant leave to amend the pleadings. The Ninth Circuit "has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When dismissing with leave to amend, the court must explain to plaintiff what deficiencies exist and how to cure them. *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## STANDING REQUIREMENT

Standing is a jurisdictional requirement, and a party invoking federal jurisdiction, [Plaintiff] has the burden of establishing it. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). Standing is a "threshold question in every federal case." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). Federal courts are required to examine jurisdictional issues including standing, even *sua sponte* if necessary. *B.C. v. Plumas Unified School Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999). Without standing, the court lacks subject matter jurisdiction. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. FRCP 12(h)(3).

The CAN-SPAM Act provides for a private right of action and establishes a statutory standing requirement. 15 U.S.C.A. §7706(g)(1). A private claim may be brought under the CAN-SPAM act by a "provider of internet access service adversely affected" by violations of the Act. *Id.* The court in *Gordon v. Virtumundo, Inc.,* held that a private plaintiff under the CAN-SPAM Act must show that it is an Internet Access Service ("IAS") (this term is used interchangeably with Internet Service Provider) and have experienced an "adverse effect" to establish standing. 2007 WL 1459395, (W.D. Wash. 2007). The court in *Gordon* found that a clear statutory reading requires that an IAS must have experienced actual harm to establish standing under the Act. *Id* at *7 (citing S.Rep. No.108-102, at 21). First the Court

must determine what an IAS is. The definition of an IAS is provided in 47 U.S.C. §231(e)(4) as,

> "a service that enables users to access content, information, electronic mail, or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package of services offered to consumers. Such term does not include telecommunications services." 47 U.S.C. §321(e)(4).

The court in *Gordon* viewed this definition as "ambiguous," and interpreted it broadly. *Gordon,* at *5.

The second part of the statutory standing requirement for a private cause of action under the CAN-SPAM Act is that the plaintiff was "adversely affected." 15 U.S.C.A. §7706(g)(1); *Gordon*, at *7. To establish adverse effects the plaintiff must show significant adverse harm. *Gordon* at *8. The harm enumerated by Congress goes well beyond the inconvenience of having to deal with an inbox full of spam. *Id.* The harms are specific to an IAS and relate to: "bandwidth, hardware, Internet connectivity, network integrity, overhead costs, fees, staffing, or equipment costs.**"** *Id.* At *8 (citing S.Rep. No.108-102, at 6).

> Because these harms were defined in terms of Internet access service providers, and because standing was conferred only on IASs (not consumers), it follows that such harms must be (1) possible and (2) actually occur, if a private entity is to have standing under the Act. *Id.* at 21 (reiterating that the private right of action is for a "*provider of Internet access service adversely affected* by a violation," not individual e-mail users and not IASs experiencing no adverse effects). Thus, even if an entity could meet the ill-defined and broad definition of an IAS, the "adverse effect" to that entity must be both real and of the type uniquely experienced by IASs for standing to exist. Any other reading would expand the private right of action beyond what Congress intended. *Gordon* at *7 (emphasis in original).

Before *Gordon,* the court in *Hypertouch* found that the plaintiff's detailed declaration stating the harms suffered was sufficient to establish the second prong of the standing requirement. 2006 WL 648688, at *4 (N.D.Cal. 2006).

## ANALYSIS

Brosnan's complaint asserts that Apex ISP Services "provides Internet access service within the meaning of 15 U.S.C. §7703(11)." (Docket Number 1.) As noted

1 previously, the definition provided in the Act is ambiguous and has been interpreted
2 broadly. *Gordon* at *5. Therefore, at this stage of the proceedings a short and plain
3 statement pursuant to the Federal Rules of Civil Procedure claiming to satisfy this statutory
4 requirement is sufficient to establish this prong of the standing requirement. FRCP 8(a)(2).
5 Plaintiff meets the first prong of the standing requirement.

6      To satisfy the second part of the standing requirement under the Act an Internet
7 Service Provider must have suffered adverse effects from violations of the Act. 15
8 U.S.C.A. §7706(g)(1). Brosnan, in the complaint, references the Act's language in regards
9 to actual harm but does not state he suffered any. (Docket Number 1.) The complaint
10 states only that plaintiff is "entitled to damages for the actual monetary loss incurred or
11 statutory damages." It goes on to pray for "actual monetary damages according to proof, or
12 in the alternative, statutory damages." *Id.* The plaintiff must specifically state the adverse
13 effects that the ISP suffered from Defendant's alleged spam. *Hypertouch* at *4; *Gordon* at
14 *4. Brosnan essentially reiterates the language of the Act but fails to state the actual harms
15 suffered by his company as a result of the alleged spam sent by Defendant. These harms,
16 as noted, are essential to establishing standing. These actual damages must be
17 established before the plaintiff is permitted to seek statutory damages. 15 U.S.C.A.
18 §7706(g)(1); *Gordon* at *7; *Hypertouch* at *4. According to the Act and *Gordon*, the plaintiff
19 must have suffered actual adverse effects as a result of Defendant's actions, not merely
20 pray for monetary damages to be established at some later point, let alone to proceed and
21 recover statutory damages in the alternative. *Id.*; *Gordon* at *7.

22      Furthermore, these adverse effects must be significant. The effects need to be more
23 than the time and money spent dealing with spam. *Id.* at *7. The effects must rise to a
24 significant level of harm unique to an IAS. *Id.* These harms include a substantial
25 decreased bandwidth, expenditures of resources to manage the spam (hired staff,
26 purchased equipment, increased server costs) and compromised network integrity. Plaintiff
27 has not pleaded these, or indeed any, adverse effects resulting from Defendant's alleged
28

spam and therefore has not satisfied the statutory standing requirement under the Act. Under either of the previous cases, *Hypertouch* or *Gordon*, his pleading is insufficient to establish standing.

Consequently, this Court lacks jurisdiction to hear this matter.

## CONCLUSION

For the reasons stated, this case is dismissed with leave to amend within thirty days. Plaintiff must plead specific significant adverse effects suffered by his ISP as a result of Defendant's alleged spam to satisfy the standing requirement and bring suit under the Act.

IT IS SO ORDERED

Dated: February 13, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-4339\Dismiss with leave to amend.frm