UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,                                          No. C 07-4339  JL

        Plaintiff,                                          **ORDER**

        v.

ALKI MORTGAGE CO., ET AL.,

        Defendants.
_____/

**Procedural Background**

Plaintiff John Brosnan filed his complaint in this action on August 22, 2007. Defendant ALKI Mortgage filed its Answer on October 30, 2007 and a motion to dismiss on December 4. Both parties consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c) and Civil Local Rule 73.

The Court dismissed the case with leave to amend on February 13, 2008, holding that Plaintiff had failed to allege damages sufficient to create standing to sue pursuant to the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, ("CAN-SPAM Act" or "Act"), 15 U.S.C.A. §§7701-07.

On March 24, 2008, this case was dismissed without prejudice for Plaintiff's failure to file an amended complaint within thirty days of this Court's dismissal with leave to amend, issued February 13. His amended complaint was due March 14.

### Plaintiff's communication with the Court

Shortly after this Court issued its dismissal in this case, it received a communication from Plaintiff that he had indeed filed an amended complaint, but that problems with the Electronic Court Filing ("ECF") system had delayed its being docketed. Accordingly, the Court examined Plaintiff's Amended Complaint, filed March 17, and 20, 2008.

### Ruling with respect to proposed amended complaint

The Court finds that the Amended Complaint, in addition to being untimely, does not satisfy the provisions of the Court's previous order of dismissal with leave to amend. The Court had ordered that "Plaintiff must plead specific significant adverse effects suffered by his ISP as a result of Defendant's alleged spam to satisfy the standing requirement and bring suit under the Act." The clear meaning of that order was that in order to establish standing to sue, Plaintiff must plead the significant adverse effects suffered by Plaintiff's Internet Service Provider ("ISP") as a result of Defendant ALKI Mortgage's alleged spam.

Instead, Plaintiff amended his complaint by adding 55 new defendants. Furthermore, Plaintiff fails to allege any specific adverse effects his ISP has suffered due to alleged spam by ALKI Mortgage, as required by this Court's previous order. Nor does he allege any specific adverse effects his ISP has suffered due to alleged spam sent by the 55 new defendants he attempts to add to his complaint.

### Conclusion and Order

Plaintiff fails to comply with this Court's order of dismissal with leave to amend. His amended complaint fails to state specific adverse effects alleged to be caused to Plaintiff's ISP by ALKI Mortgage's alleged spam, or by the alleged spam sent by the 55 new defendants he attempts to add.  Plaintiff attempts to add these defendants to his complaint, without leave of court, in violation of Rule 15, Federal Rules of Civil Procedure. Since Defendant ALKI Mortgage has filed two responsive pleadings, Plaintiff is not entitled to amend his complaint as a matter of right, but may do so only with leave of Court. This Court granted leave to amend, but solely to establish Plaintiff's standing to sue, not to add 55 new defendants.

1   Accordingly, this Court's previous dismissal remains in effect. Plaintiff shall take
2   nothing by his complaint. The Clerk shall close the file.
3   IT IS SO ORDERED.
4   DATED: March 31, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-4339\Close case.wpd